```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF IOWA
                        DAVENPORT DIVISION

AMERICAN HUNTING INNOVATIONS, )
L.L.C. a/k/a RDT ARCHERY &    )    No. 3:12-cv-00096-JAJ-RAW
a/k/a KEMPF CROSSBOWS; J & S  )
R.D.T. ARCHERY, INC. and      )
JAMES J. KEMPF, an individual,)
                              )
          Plaintiffs,         )    RULING ON DEFENDANTS'
                              )    MOTION TO EXCLUDE
vs.                           )    PLAINTIFFS' EXPERT
                              )    MICHAEL STURM
SAVAGE SPORTS CORPORATION;    )
EXTREME TECHNOLOGIES, INC.;   )
and EXTREME TECHNOLOGIES, INC.)
d/b/a BOWTECH,                )
                              )
          Defendant.          )
```

The above resisted motion [35] is before the Court following hearing. On December 6, 2012 the Court adopted the parties' proposed scheduling order and discovery plan which called for a simultaneous disclosure of "Claim Construction Experts Reports" by March 1, 2013, with rebuttal reports disclosed by April 5, 2013 [17] [18]. On February 27, 2013 counsel for the parties conferred concerning the use of expert witnesses and agreed that no live testimony would be presented at the *Markman* hearing now set for June 20, 2013. On March 1, 2013 defendants (collectively "Bowtech") disclosed a claim construction expert, Jason Fogg, with the report required by Fed. R. Civ. P. 26(a)(2)(B). (Def. Mot. Ex. 1). The same date plaintiffs (collectively "American Hunting") disclosed the identity of their claim construction expert, Michael Sturm, a list of claim terms for construction with American Hunting's proposed initial constructions, the subjects on which Mr.

Sturm would opine (including construction of the terms listed) and produced his curriculum vitae, but did not disclose a Rule 26(a)(2)(B) report. (*Id.* Ex. 2). American Hunting's counsel, Mr. Helton, states he understood from the February 27 conference with Bowtech's counsel that expert reports would be exchanged at a later date prior to the expert depositions. Mr. Helton left the country to do *pro bono* work on March 2, 2013 and did not return until March 17, 2013. He says that after Bowtech's counsel pointed out his misunderstanding about expert reports he directed another attorney in his office, Mr. Giles, to obtain a full report from Mr. Sturm as quickly as possible. Mr. Sturm prepared a report dated March 13, 2013 and shortly afterward it was produced to Bowtech. (*Id.* Ex. 3). Bowtech seeks to exclude American Hunting from using Mr. Sturm as an expert because of the failure to timely disclose his report as required by the scheduling order. At hearing Bowtech's counsel clarified that Bowtech was seeking to exclude Mr. Sturm as an expert only with respect to *Markman* proceedings.

There is no question but that there was an expert disclosure failure on the part of American Hunting. The scheduling order unambiguously required simultaneous, full claim construction expert disclosures including the required report by March 1, 2013. Federal Rule of Civil Procedure 37(c)(1) provides the sanction of exclusion for failure to make a required witness disclosure "unless the failure was substantially justified or is harmless." In

addition to, or instead of, exclusion the Court may order other sanctions as described in the rule.

In fact, the Court has "wide discretion" in fashioning a remedy for a witness disclosure failure. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The relevant factors include "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* (citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003)). Discretion narrows, however, as the severity of the sanction or remedy increases, *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011)(citing *Wegener*) particularly if the exclusion may be fatal to a party's case. *Wegener*, 527 F.3d at 692 (citing *Heartland Bank vs. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003)). Exclusion "is a harsh penalty and should be sparingly used." *Id.* (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)); *see Doe*, 664 F.3d at 734 (same).

The disclosure failure here was not substantially justified. Any misunderstanding was wholly that of American Hunting's counsel and was not prompted by anything Bowtech's counsel may have said in their discussions. It appears Mr. Helton made assumptions from his experiences in other patent cases. If not justified, the misunderstanding was honest. The Court does not

believe American Hunting's counsel sought to take advantage by seeing what Bowtech's expert had to say before producing a report from his own expert. There is no bad faith or willful failure.

What harm, if any, resulted from the disclosure failure determines the exclusion request. American Hunting states that Mr. Sturm in preparing his report did not consider or address Mr. Fogg's report. There is nothing in Mr. Sturm's report suggesting otherwise. Mr. Sturm's report does not identify Mr. Fogg's report as among the materials he reviewed. (Def. Motion Ex. 3 at 5-6). The Court will assume in the absence of anything in American Hunting's motion papers to the contrary that Mr. Sturm was generally aware of the content of Mr. Fogg's report either by being told about it or being provided a copy by American Hunting's counsel, though not by lead counsel Helton who was out of the country.

At issue in the case is a patented configuration for an archery bow said to provide increased powerstroke. American Hunting asserts the claims to be construed, and on which Mr. Sturm gives opinions, are "first string guide" and "second string guide." Bowtech's Mr. Fogg agrees these terms should be construed, and adds two others: "a first string coupled to said first string guide and to said second string guide" and "a nock point provided on said second string guide." He has given his proposed construction. (Def. Mot. Ex. 1 at 6). As Mr. Sturm's report was disclosed within about two weeks of Mr. Fogg's, the only harm from the disclosure failure

would be harm resulting from American Hunting's noncompliance with the simultaneous disclosure contemplated by the scheduling order. Bowtech claims it was harmed (prejudiced) by the non-simultaneous disclosure, but in substance argues the Court should presume prejudice from the fact counsel (and perhaps Mr. Sturm) knew of Mr. Fogg's report as they worked with Mr. Sturm to complete his report.

Neither the invention nor the claims to be construed are complicated. Involved is an archery bow with basic mechanics. While Mr. Sturm's report was not disclosed on March 1, on that date Bowtech was apprised of the terms American Hunting said needed to be construed and the initial construction American Hunting gave to them. It could have been no surprise to Bowtech that in his report Mr. Sturm would give opinions supporting the initial construction claimed by American Hunting. Apart from identification of the terms and their initial construction, in his report Mr. Sturm stated his opinions in less than two pages of text. As noted, the Court is told Mr. Sturm did not consider Mr. Fogg's report and there is no evidence that he did. The scheduling order gives the opportunity for rebuttal disclosures. By the time of their depositions both experts will be thoroughly aware of what the other has had to say on the subject of claim construction and will have considered the other's opinions in preparing rebuttal. American Hunting timely disclosed its rebuttal expert and agreed Bowtech could have additional time for its expert to prepare a rebuttal report with

the knowledge of Mr. Sturm's rebuttal (an opportunity Bowtech has thought not appropriate to take advantage of prior to the Court's ruling on the pending motion).

The Court certainly understands Bowtech's irritation at having timely disclosed its claim construction expert report while American Hunting failed in its corresponding disclosure obligation, frustrating the simultaneous disclosure to which the parties had agreed. But in the overall circumstances discussed above the Court views American Hunting's disclosure failure as harmless. The failure would not, in any event, warrant exclusion of Mr. Sturm's testimony. The reason for noncompliance is not compelling, but the other *Wegener* factors line up against the harsh penalty of exclusion. There has been no surprise or prejudice to Bowtech. The disclosure failure was promptly rectified when brought to American Hunting's attention. Allowing Mr. Sturm to give claim construction testimony will not disrupt the order and efficiency of the trial, or the *Markman* hearing nearly two months away. The importance of Mr. Sturm's testimony is difficult to gauge in view of the nature of the claim construction issues and the invention involved. Apparently Mr. Helton at one point suggested the parties dispense with claim construction experts. Bowtech's motion demonstrates that it perceives claim construction as important to the case. American Hunting expresses concern about its ability to prove its case if Mr. Sturm is excluded. If Mr. Sturm is excluded, the claim

construction opinions of Mr. Fogg will stand alone. One-sided presentations are to be avoided unless truly warranted. *Doe*, 664 F.3d at 734.

For the foregoing reasons, defendants' motion to exclude plaintiff's expert Michael Sturm [35] is **denied**.

IT IS SO ORDERED.

Dated this 2d day of May, 2013.

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE